United States District Court
Northern District of Indiana
South Bend Division                                    Case No. 3:16-cv-634

Thomas H. Matthews
Plaintiff

–v–

AM General, LLC
c/o CT Corporation System
150 West Market Street
Indianapolis, Indiana 46204
Defendant

# Complaint and Jury Demand

## The Claim

1. This is a discrimination action. Thomas H. Matthews brings it under 42 U.S.C. § 12101—the American with Disabilities Act of 1990, as amended—and 29 U.S.C. § 794, *et seq.*—the Rehabilitation Act of 1973.

## The Parties

2. Thomas H. Matthews is a Michigan citizen.
3. Matthews is an employee as that term is defined by 42 U.S.C. § 12111(4).
4. AM General, LLC is a Delaware limited liability company with a principal place of business in South Bend, Indiana.
5. AM General is an employer as that term is defined by 42 U.S.C. § 12111(5)(A).
6. The acts of AM General's officers, managers, supervisors, employees, or agents are also the acts of AM General.

## Jurisdiction

7. The Court has jurisdiction over the matter under 28 U.S.C. § 1331.

## Venue

8. Venue is proper in the South Bend division under 28 u.s.c. § 1391(b)(2) and 28 u.s.c. §94(a)(2).

9. The material acts of am General's officers, managers, supervisors, employees, or agents resulting in the unlawful employment practices leading to the claim occurred in the Northern District of Indiana.

## eeoc Proceeding

10. Matthews filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission's Indianapolis District Office on March 15, 2016.

11. The eeoc issued its Dismissal and Notice of Rights on June 23, 2016. A copy of the Notice and Dismissal is attached as Exhibit a.

12. Matthews received the Notice and Dismissal on or about June 30, 2016.

13. Matthews timely filed this action within 90 days of receiving the Notice and Dismissal.

## Background

14. Matthews has been employed by am General since December 8, 2003.

15. Matthews holds the position of quality verification shift leader.

16. Matthews was diagnosed with major depression on July 23, 2015.

17. On July 30, 2015, Matthews began treating with a therapist for depression and anxiety.

18. As a result of his medical condition, Matthews's doctor determined he was unable to work for approximately a one-month period, unless Matthews's condition remained unchanged or, alternatively, he was ready to return to work sooner.

19. Upon receiving his diagnosis, Matthews contacted AM General Human Resource Coordinator, Diana Martin, to inform her of his medical condition and his need to take time off work.

20. At the time Matthews applied for disability leave, Martin told Matthews his time off "wouldn't be used against him."

21. Matthews also informed his boss, AM General Quality Vice President, Roger Parker, of his depression and that he would be off work for a period of time, but he wasn't sure how long.

22. Matthews initially took a short-term disability leave from AM General from July 24, 2015 through mid-August 2015, as a result of his depression.

23. Although Matthews's doctor indicated it would take six to eight weeks for the medication he was prescribed to take effect, Matthews was anxious to return to work. So he returned to work at AM General mid-August 2015.

24. Parker tried to make Matthews's transition back to work stress-free by giving him simple tasks. But it was too much, too soon for Matthews. So Matthews extended his short-term disability leave from mid-August 2015 through September 5, 2015.

25. Prior to his return to work, Matthews met Parker for lunch at Scotty's Brewhouse in Mishawaka, Indiana, and disclosed to Parker what triggered his depression and anxiety.

26. In January, Parker informed Matthews of plans to realign the Quality Verification Group.

27. As part of those changes, Parker wanted Matthews to head up a new task force charged with improving quality numbers and assume additional responsibilities to manage.

28. Parker and AM General Quality Director, Nate Wolverton, told Matthews that assuming these new job duties would result in his promotion to Assistant Quality Director or Quality Verification Manager.

29. Parker, Wolverton, and Matthews met five to seven times in January and February 2016 to discuss the group's reorganization, Matthews's additional job duties, and Matthews's promotion. AM General employees Tom Panepucci and Shawn Heiser were also present at the meeting.

30. On February 9, 2016, Parker informed Matthews that AM General Vice President of Human Resources, Mark Minne, had not approved Matthews's promotion. Parker told him that Minne considered Matthews unreliable because he had taken a disability leave in 2015.

31. On February 16, 2016, Wolverton shared with Matthews that he was continuing to receive pushback from Minne on promoting Matthews.

32. Matthews was subsequently told by Parker that he wouldn't receive a promotion.

33. But Matthews was given the additional responsibilities associated with the promotion to manage.

34. AM General was fully informed that Matthews was an individual with a qualified disability.

35. AM General and Minne considered Matthews disabled.

36. Minne denied Matthews's promotion due to his actual and perceived disability.

37. AM General discriminated against Matthews by denying him a promotion in violation of the American with Disabilities Act.

38. AM General's discriminated against Matthews by denying him a promotion in violation of the Rehabilitation Act of 1973.

39. As a result of AM General's discriminatory acts by its officers, managers, supervisors, employees, or agents, Matthews has suffered lost wages.

40. Matthews has also suffered emotional distress, embarrassment, and mental anguish as the result of AM General's acts.

### Relief Requested

Matthews requests that the Court enter a judgment in his favor stating or providing that:

A. AM General's acts violated Matthews's rights under the American with Disabilities Act;

B. AM General's acts violated Matthews's rights under the Rehabilitation Act of 1973;

C. Matthews is entitled to placement as AM General's Assistant Quality Director or Quality Verification Manager;

D. Matthews is entitled to back pay, front pay, and reimbursement for lost benefits;

E. Matthews is entitled to compensatory damages;

F. Matthews is entitled to punitive damages; and

G. Matthews is entitled to recover his costs in prosecuting this action, including attorney fees, expert witness fees, and court costs.

Date: September 21, 2016

*s/Janet G. Horvath*
Janet G. Horvath | 24238-53
### Jones Obenchain, LLP
600 KeyBank Building
202 S. Michigan St.
Post Office Box 4577
South Bend, IN 46634-4577

574.233.1194 | 574.233.8957 fax

jgh@jonesobenchain.com

Thomas H. Matthews's Attorney

### Jury Demand

Thomas H. Matthews demands a trial by jury.

*s/Janet G. Horvath*
Janet G. Horvath | 24238-53